No. 46847.—Petition 6162–R of C. J. Osborn Co. (C. J. Tower & Sons) (Buffalo).

Opinion by WALKER, J.   It appeared from the record in this case that when this shipment arrived entry was made at the invoice value less certain deductions, and at the same time inquiry was made by the appraiser as to the correct value for entry purposes.   The usual procedure according to the record is that the appraiser advises the importer if the entered value is not correct in order that amendment thereof may be made.   In the instant case, however, the appraiser accepted the entered value and so appraised the goods.   Later an appeal to reappraisement was called for by the collector on the ground that the unit value as invoiced and entered represented the price for quantities greater than the usual wholesale quantities.   Upon advice of counsel the president of the petitioning company authorized a stipulation to the effect that the value of the merchandise was as contended by the collector and the reappraisement appeal was decided in the latter's favor, although the president testified that he believed at the time the stipulation was authorized, and still believes, that the invoiced and entered value was the correct dutiable value of the goods.   The court was satisfied from the record that the entry at less value than that found upon final appraisement was without any intention to conceal or misrepresent the facts or deceive the appraiser. The petition was therefore granted.

No. 46848.—Petition 5980–R of I. Shalom & Co., Inc. (San Juan).

Opinion by WALKER, J.   At the hearing it appeared that the merchandise was purchased through the manufacturer's agent at the invoiced and entered price and that on instructions of the president of the petitioning corporation the merchandise was shipped from Belfast, Northern Ireland, to Mayaguez, P. R., to be made into handkerchiefs.   Both the president of the petitioning corporation and the agent of the seller testified that at the time the merchandise was exported from Belfast the market value was no higher than the invoiced and entered value. After the advance in value was made an appeal to reappraisement was filed by the petitioner, but was later abandoned due to the expense of obtaining the necessary evidence from abroad which would have been greater than the amount of regular duties.   The court was satisfied from the evidence offered that the responsible officer of the petitioning corporation made efforts to acquaint himself as to the value of the goods for duty purposes and that he honestly believed the entered value represented the true value thereof.   It was therefore found that there was no intent to defraud the revenue of the United States or deceive the appraiser as to the value of the merchandise.   The petition was granted.